FILED BY ___ D.C.

05 OCT 11  AM 6: 51

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.                             ) | No. 04-2902 Ml/An |
| ) | |
| THIRTY NINE THOUSAND DOLLARS         ) | |
| ($39,000.00) IN UNITED STATES        ) | |
| CURRENCY, ONE 2002 CHEVROLET         ) | |
| AVALANCHE,                           ) | |
| VIN 3GNEK13T62G131404, WITH ALL      ) | |
| APPURTENANCES AND ATTACHMENTS        ) | |
| THEREON,                             ) | |
| ) | |
| Defendants.          ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND ORDER OF FORFEITURE

Before the Court is Plaintiff's Motion for Summary Judgment and Order of Forfeiture, filed June 23, 2005. The claimant, the Estate of Gary Don Nance, responded in opposition on August 29, 2005. For the reasons stated below, the Court GRANTS the Plaintiff's motion for summary judgment and ORDERS that Judgment be entered in favor of the United States. The defendant currency ($39,000) and defendant conveyance (One 2002 Chevrolet Avalanche, VIN 3GNEK13T62G131404, with All Appurtenances and Attachments Thereon) are forfeited to the permanent custody and control of the United States.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-11-05

35

## I. Background and Relevant Facts

Plaintiff, the United States of America, ("the Government"), instituted a civil forfeiture proceeding against $39,000 in United States Currency and One 2002 Chevrolet Avalanche, VIN 3GNEK13T62G131404, with All Appurtenances and Attachments Thereon on November 8, 2004. In its Verified Complaint of Forfeiture, the Government alleges that the $39,000 was intended to be used in exchange for a controlled substance and that the Chevrolet Avalanche was used to facilitate the sale of a controlled substance. The Government seeks forfeiture pursuant to 21 U.S.C. § 881(a)(4) and (6). (Compl. ¶ 1.) In support of its motion for summary judgment, the Government relies upon the affidavit of Rodney G. Waller, a Special Agent of the Drug Enforcement Administration ("DEA"). The affidavit is based on Agent Waller's own investigation, as well as information from other law enforcement officers and individuals with firsthand knowledge of the facts. Agent Waller states that on May 27, 2004, the DEA carried out a reverse sting operation involving Gary Don Nance and a DEA confidential informant. According to the Government, Nance had agreed to purchase two kilograms of cocaine from the informant. When he arrived to meet the informant, Nance was driving the defendant 2002 Chevrolet Avalanche. He parked in the parking lot of the Catfish Gallery, a business in Dyersburg, Tennessee. Agent Waller states that Nance was accompanied to the

scene by an individual named Patsy Gail Coleman,[1] who was in a separate car. Nance and the informant discussed the transaction, and then Nance left the parking lot in the Avalanche. He met with Coleman at a nearby Wal-Mart and then rejoined the informant, at which point Nance showed the informant "that he had the money to purchase the cocaine, . . . later determined to be $39,000 in U.S. currency." The informant signaled for his partner, also an undercover DEA agent, who gave Nance two kilograms of "sham cocaine." Nance was subsequently arrested while attempting to test the sham cocaine. The $39,000 and Chevrolet Avalanche were seized.

On June 23, 2004, Nance and Coleman were indicted by a federal grand jury in the Western District of Tennessee on charges of conspiracy to possess a controlled substance. On June 27, 2004, Nance died of a self-inflicted gunshot wound. The co-executrices of the Estate of Gary Don Nance, Patsy Coleman and Nina Lowrance, were appointed on July 14, 2004, by the Fulton County District Court in the Commonwealth of Kentucky. (Answer Verified Compl., Ex. A.) The Estate of Gary Don Nance, filed a Claim to Contest Forfeiture of Certain Assets on or about August 6, 2004, pursuant to 18 U.S.C. § 983. On August 19, 2004, the Government filed a Motion to Dismiss Indictment and Suggestion of

---

[1] It is not clear from the record whether this individual and the Estate's co-executrix, Patsy Coleman, are the same person.

Death upon the Record. The motion was granted on August 20, 2004.

In response to the Government's Verified Complaint of Forfeiture, filed November 8, 2004, the claimant filed a Claim and an Answer to the Verified Complaint on December 30, 2004. It argued that (1) the criminal action upon which the forfeiture request is based was dismissed and (2) the Estate of Gary Don Nance "has violated no laws that would warrant the seizure of the subject property and the same should be returned to the Estate" to pay for Nance's debts and the administration of his estate. (Answer Verified Compl. ¶¶ 13, 14.) In response to the Government's Motion for Summary Judgment and Order of Forfeiture, filed June 23, 2005, the claimant filed "Defendant's [sic] Response to Motion for Summary Judgment" on August 29, 2005.[2]

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

---

[2] On July 6, 2005, General Motors Acceptance Corporation ("GMAC") filed a Verified Claim as to its interest in the defendant Chevrolet Avalanche. As of July 5, 2005, Nance owed principal due under his contract for the car with GMAC in the amount of $10,433.64. (Verified Claim of GMAC ¶ 2.) On September 28, 2005, GMAC and the government submitted a Stipulated Expedited Settlement Agreement, thereby resolving GMAC's claim.

-4-

as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

## III. Analysis

The Government brings this in rem forfeiture action pursuant to 21 U.S.C. §§ 881(a)(4) and (6). Section 21 U.S.C. § 881(a)(4) provides for the forfeiture of a conveyance which was used or intended to be used, to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Section 21 U.S.C. § 881(a)(6) provides for the forfeiture of United States currency which was used or intended to be used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which applies to forfeiture proceedings after August 23, 2000, sets forth the Government's burden of proof in forfeiture actions. United States v. $21,000 in United States Postal Money Orders, 298 F. Supp. 2d 597, 601 (E.D. Mich. 2003). Under CAFRA, the "burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1).[3] To meet this burden, the Government is not

---

[3] Prior to CAFRA's enactment, the government was required to "establish probable cause to believe that a substantial connection exists between the property to be forfeited and the illegal exchange of a controlled substance. United States v. $67,220.00 in United States Currency, 957 F.2d 280, 283 (6th Cir. 1992). After the

-6-

required to show a direct connection between Defendant's property and the illegal activity. Id. Where, as here, the Government's theory "is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a <u>substantial connection</u> between the property and the offense." 18 U.S.C. § 983(c)(3)(emphasis added).

The claimant makes two arguments in opposition to the Government's motion for summary judgment. First, the claimant contends that Nance did not violate any laws that would "warrant the seizure of the subject property." The claimant notes that, because the government dismissed the indictment against Nance, it never made any findings of fact and Nance was never convicted. (Def.'s Resp. Mot. Summ. J. unnumbered page.) It is well established, however, that the government may institute civil forfeiture proceedings without a related prior criminal proceeding or conviction. See <u>United States v. Real Property Commonly Known as 8771 Lake Road, County of Berrien, Berrien Center, Michigan</u>, 818 F. Supp. 199, 200 (W.D. Mich 1992)("Conviction of the offender is not a prerequisite to civil

---

(continued . . .)
government made a showing of probable cause, the burden then shifted to the claimant to show by a preponderance of evidence that the property was not subject to forfeiture. <u>United States v. One Parcel of Real Property Located at 4560 Kingsbury Road, Township of Brunswick Hills, Ohio</u>, 16 F.3d 1222, 1994 WL 28772, at *2 (6th Cir. 1994) (unpublished opinion).

forfeiture."); United States v. Property Identified as 908 T Street, N.W., Washington, D.C., 770 F. Supp. 697, 702 (D. D.C. 1991) ("Civil forfeiture does not require a prior criminal conviction or even a prior criminal proceeding."); United States v. Leasehold Interest in 121 Nostrand Ave., Apartment 1-C, Brooklyn, N.Y., 760 F. Supp. 1015, 1030 (E.D.N.Y. 1991)(same). The fact that the government moved to dismiss the indictment against Nance following his death and that Nance was never tried or convicted does not bar this forfeiture proceeding. See United States v. One 1949 Lincoln Coupe Auto, 93 F. Supp. 666, 669 (W.D. Mich. 1950) (holding that owner's death before trial did not preclude civil forfeiture proceeding against automobile used in underlying drug transaction); see also United States v. One Clipper Bow Ketch NISKU, 548 F.2d 8, 10 n.2 (1st Cir. 1977) (holding that doctrine of collateral estoppel did not bar civil forfeiture proceeding under 21 U.S.C. § 881 where government voluntarily dismissed claimant's criminal charges relating to underlying drug possession).[4]

---

[4] In its Answer, the claimant stated that the Estate of Gary Don Nance "has violated no laws that would warrant the seizure of the subject property . . . ." (Answer Verified Compl. ¶ 14.) Section 18 U.S.C. § 983(d) provides for an "innocent owner defense," which allows a party with an interest in the property subject to forfeiture an "opportunity to prove that the party's interest in the property is innocent." United States v. $21,000 in United States Postal Money Orders, 298 F. Supp. 2d 597, 602 (E.D. Mich. 2003)(citing 18 U.S.C. § 983(d)). The party may demonstrate his or her "innocent owner" status by showing either that (1) it "did not know of the conduct giving rise to forfeiture;" or (2) "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the

Second, the claimant contends that the Government cannot satisfy the substantial connection requirement between the property and the offense.[5] It points to the Government's acknowledgment that Nance was in the undercover DEA informant's vehicle, not the Chevrolet Avalanche, at the time he was arrested. (Def.'s Resp. Mot. Summ. J. ¶ 6; see Pl.'s Mot. Summ. J. at 3 n.1 ("Agent Waller's affidavit is admittedly unclear as to whether or not Nance was in the Avalanche when he was arrested. The Government stipulates that when Officer Shuler [the DEA informant] brought Nance the sham cocaine and Nance took possession of it and attempted to test it, he was in the informant's vehicle.")) In order to establish a substantial

---

(continued . . .)

circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A)(i) and (ii). Here, the claimant did not advance the "innocent owner" defense in response to the Government's motion for summary judgment. The claimant has not attempted to demonstrate that the Estate of Gary Don Nance or the co-executrices lacked knowledge of the conduct giving rise to the forfeiture or that, upon learning of it, they made any effort to terminate the use of the property. Rather, the claimant attempts to prove that the Government has neither established Nance's guilt in a criminal proceeding nor demonstrated a substantial connection between the property and Nance's conduct. Accordingly, the "innocent owner" defense is not applicable. See $21,000 in United States Postal Money Orders, 298 F. Supp. 2d at 602.

[5] In its response to the Government's motion for summary judgment—in connection with this argument—the claimant contended that the Government has not turned over the recordings it made from the informant's electronic transmitting device, which was used to record the transaction between Nance and the informant. The same day it filed its response to the Government's motion for summary judgment, the claimant filed a Motion to Compel Discovery. The Government responded on September 8, 2005, and United States Magistrate Judge Pham issued an Order Denying Claimant's Motion to Compel on September 13, 2005. Accordingly, this issue is not before the Court.

connection, however, the Government need not prove that Nance was physically located inside the Chevrolet Avalanche when he was arrested. The use of a vehicle solely for transportation to the site of an illegal transaction is sufficient to warrant forfeiture under the "substantial connection" standard. United States v. One 1984 Cadillac, 888 F.2d 1133, 1137 (6th Cir. 1989)(holding use of car for transportation to pawn shop facilitated illegal drug purchase and thus created sufficient nexus to transaction to support forfeiture); see also United States v. Dodge Caravan SE/Sport Van, 387 F.3d 758, 761-62 (8th Cir. 2004)(holding that use of defendant vehicle to drive to various pharmacies to pick up fraudulently obtained prescription drugs established substantial connection between conveyance and illegal activity). The Government has clearly established that Nance used the defendant property for transportation to the site of the drug transaction. The undisputed evidence shows that Nance drove to the Catfish Gallery parking lot in the Chevrolet Avalanche. It also shows that Nance drove the Avalanche from the parking lot to meet with Patsy Gail Coleman and then drove back to the parking lot where he exchanged the defendant currency for sham cocaine. (Waller Aff. ¶ 4.)

The Government has met its burden to establish a sufficient connection between the defendant vehicle and the illegal offense by a preponderance of the evidence. The burden of showing

something by a "preponderance of the evidence" merely requires "the trier of fact 'to believe that the existence of a fact is more probable than its nonexistence . . . .'" <u>United States v. Real Property in Section 9, Town 29 North, Range 1, West, Tp.</u>, 308 F. Supp. 2d 791, 806 (E.D. Mich. 2004)(quoting <u>In re Winship</u>, 397 U.S. 358, 371-72 (1970)). The "substantial connection" requirement does not require the government to provide direct evidence that the property is linked to a specific drug sale. "Instead, reasonable inferences may be drawn from the evidence presented to establish a nexus between the property and drug activity." <u>United States v. Veggacado</u>, 37 Fed.Appx. 189, at *2 (6th Cir. June 14, 2002).

The claimant has not rebutted the Government's proof with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In fact, the claimant has merely denied in a conclusory fashion the existence and validity of the Government's proof—without submitting proof of its own. This is plainly insufficient in the face of a motion for summary judgment. It is settled law that the nonmoving party "cannot rest on its pleadings, but must submit evidence demonstrating there is a genuine issue of material fact for trial." <u>One 1984 Cadillac</u>, 888 F.2d at 1138 (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)). Since the claimant has not put forward any evidence to show that a triable issue of fact exists, the

-11-

Court GRANTS the Government's motion for summary judgment.

## IV. Conclusion

For the reasons stated above, the Government's motion for summary judgment is GRANTED, and the defendant currency ($39,000) and defendant conveyance (One 2002 Chevrolet Avalanche, VIN 3GNEK13T62G131404, with All Appurtenances and Attachments Thereon) are hereby ORDERED forfeited to the permanent custody and control of the United States.

So ORDERED this __7__ day of October, 2005.

*[signature]*

JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 2:04-CV-02902 was distributed by fax, mail, or direct printing on October 11, 2005 to the parties listed.

---

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Blair Beavers Evans
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Timothy C. Naifeh
LAW OFFICES OF TIMOTHY C. NAIFEH
227 Church St.
Tiptonville, TN 38079

Timothy A. Langford
LAW OFFICES OF TIMOTHY A. LANGFORD
P.O. Box 167
Hickman, KY 42050

Honorable Jon McCalla
US DISTRICT COURT